# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LAVAL RASHAD BROWN,
Plaintiff,
v.                                                Case No. 8:25-cv-854-WFJ-TGW

HILLSBOROUGH COUNTY
COUNTY SHERIFF'S OFFICE, *et al.*,
Defendants.
_____/

## <u>REPORT AND RECOMMENDATION</u>

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 7), seeking a waiver of the filing fee for his amended complaint. Because the amended complaint is frivolous and contains numerous scurrilous and impertinent statements, I recommend that the plaintiff's amended complaint be dismissed.

I.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim

upon which relief may be granted.  28 U.S.C. 1915(e)(2)(B)(i), (ii).

Furthermore, although "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers .... this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

II.

Initially, the plaintiff has not submitted a properly signed Affidavit of Indigency.  Instead of properly affirming under the penalty of perjury the truth of the statements in his Application to Proceed *In Forma Pauperis*, he nonsensically states, "I am U.C.C. 103.b sovereignty" (Doc. 7, p. 1).  That is not permissible.  Therefore, the plaintiff fails to satisfy the first requirement to proceed *in forma pauperis*.

In all events, the plaintiff's amended complaint does not contain an actionable claim.  The plaintiff alleges, in a conclusory manner, the "wrongful seizure" of his son in 2018, false imprisonment in connection with his commitment to a mental health facility, Medicare fraud (because Medicare was billed for his mental health treatment), and deliberate medical

2

neglect.

The pleading is a rambling and essentially incomprehensible document that does not state a cognizable claim. It is rife with delusional comments and false, scurrilous, and impertinent matter. There are, particularly, multiple improper and irrelevant Biblical references. In sum, the amended complaint patently violates multiple Federal Rules of Civil Procedure, including Rules 8, 10, 11, and 12(f). Therefore, it is appropriate to dismiss the amended complaint.

Moreover, due to the scurrilous and impertinent matter throughout the complaint, such as "THIS IS MORE THAN LAW … IT'S WAR," and mocking the State Attorney's Office as "the Kingdom of Darkness" (Doc. 5, p. 6), I recommend that the pleading be stricken from the court docket. See Rule 12(f), F. R. Civ. P.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: June 3 , 2025

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file

3

written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.